## HENRY W. SEALE *v.* CHARLES McLAUGHLIN.

VACATING JUDGMENT AND ALLOWING DEFENDANT TO ANSWER.—A defendant upon whom no service of summons was made, but against whom a judgment has been entered upon his demurrer, after an attorney had appeared and demurred for him without authority, is not entitled to have the judgment vacated where he is informed before judgment that an attorney has appeared for him, and a long time elapses before judgment, and he does not show that he has a meritorious defense.

APPEARANCE OF ATTORNEY WITHOUT AUTHORITY.—The appearance of an attorney for a defendant, who has not been served with summons, gives the Court jurisdiction of the person, even if the attorney appears without authority.

JUDGMENT UPON OVERRULING DEMURRER.—Where a frivolous demurrer is filed, and no leave is asked to file an answer, it is not error for the Court to enter a default and judgment for plaintiff upon overruling the demurrer.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

There were several defendants in the action, and upon overruling the demurrer, the Court entered a default against McLaughlin. The attorney did not ask for leave to answer for McLaughlin. McLaughlin alone appealed.

The other facts are stated in the opinion of the Court.

*Charles N. Fox,* for Appellant.

We claim that the Court erred, whatever may have been the facts in regard to the authority under which McLaughlin had been brought into Court :

First—In treating the joint demurrer of several defendants as the separate demurrer of McLaughlin alone.

Second—In entering default instanter upon overruling demurrer, without giving defendant an opportunity to answer. We think the same rule should apply in such cases as that laid down in the case of *Gallagher* v. *Delany,* 10 Cal. 410, where the Court held that it was error to render judgment final upon demurrer to plaintiff's complaint; that if the demurrer was sustained, it should have been with leave to amend; and in case plaintiff declined to amend, then the judgment should be entered.

We are entitled to relief under the sixty-eighth section of the Practice Act. This section " applies not only to cases where judgment has been taken regularly, without personal service, as upon publication, but also to cases of judgments entered erroneously, without any service of summons or appearance of defendant." (*Lewis* v. *Rigney et als.,* 21 Cal. 268.)

In this case there was no service of summons and no author-

ized appearance. " It is sufficient that the judgment and final process against an individual are *unauthorized*, to justify an application by him to set them aside." (*Lambert* v. *Converse*, 22 Howard Pr. R. 265.)

And the granting of the relief in this case will not affect the rights of the plaintiff as against the other defendants, and consequently our rights to it need not be affected by the judgment or claim against them. (See *Lewis* v. *Rigney*, above cited.)

*S. O. Houghton*, for Respondent.

The judgment had become final ·by the expiration of the term at which it was rendered. (*Baldwin* v. *Kramer*, 2 Cal. 583 ; *Suydam* v. *Pitcher*, 4 Cal. 281 ; *De Castro* v. *Richardson*, 25 Cal. 49.)

Even though the Court had power to grant the motion of defendant, it would not do so unless it was made to appear that the defendant had or would sustain some injury by the judgment.

By the Court, SAWYER, J.

This is an appeal from a judgment entered upon default against defendant, McLaughlin, after overruling demurrer to the complaint, and from an order subsequent to the judgment denying motion to vacate it. The motion was made on affidavits of defendant, Gordon, and his attorney, on the ground that the appearance on behalf of McLaughlin was by mistake and without authority. The action was brought against Gordon and several of his tenants to recover certain lands claimed by Gordon. It does not appear in the affidavits by direct averment that McLaughlin was not also a tenant of Gordon. In fact, there seems to be in Gordon's affidavit, a studied avoidance of any statement as to the relation of McLaughlin to Gordon, or the land. There was, however, conversation between Gordon's clerks and McLaughlin upon the subject, and Gordon states that McLaughlin declined to join in the

defense, and said he would defend for himself when served. The time to answer being about to expire, Gordon's attorney, by his direction, telegraphed to plaintiff's attorney: "Give us some ten days extension as to all the defendants except Mc-Govern and Ramirez, who are not on our ranch." No answer having been received, to save a default till a stipulation for time could be procured, Gordon's attorney filed a demurrer for Gordon and all the defendants, (including McLaughlin by name,) except McGovern and Ramirez; and notified the plaintiff's attorney that he only did it to procure time, and that he did not intend to argue it. Time was subsequently given to all the defendants for whom the attorney appeared. When the answer was filed McLaughlin's name was omitted. Gordon and his attorneys disavow any authority to appear for McLaughlin.

On the 12th of January the demurrer of McLaughlin was overruled, and his default for want of answer entered. The defendants who answered appeared, and proofs having been heard, judgment was rendered against all the defendants on the 13th of January. No proceedings were instituted to vacate the judgment against McLaughlin till May 2d, when notice of the motion was served—nearly four months after the entry of judgment, and long after the expiration of the term at which it was rendered.

There is no pretense set up in the affidavits that McLaughlin has any shadow of right to the land, or defense to the action; and McLaughlin himself does not even take the trouble to make an affidavit on his own behalf in the case. On the other hand, it appears by the affidavit of respondent—which is not in any particular contradicted—that he had taken a copy of summons and complaint for the purpose of having it sent to San Francisco for service on McLaughlin; that before service he was informed by his attorney that McLaughlin had appeared, and service was unnecessary; and, in consequence of this information, the summons was returned without service; that soon after receiving this information he saw defendant (McLaughlin) and informed him that Gordon had caused

an appearance to be entered for him (McLaughlin); that considerable conversation was had between them upon the subject, and that McLaughlin treated the subject with such apparent indifference as to induce respondent to suppose that he (McLaughlin) cared but little how the case would result. He also avers—and the averment is wholly uncontradicted—that McLaughlin has no right, title or interest of any kind whatever in the premises, and is but a trespasser thereon without any right whatever.

Conceding, for the purposes of the argument, that the defendant is one of the parties who is entitled to apply to have the judgment vacated after the expiration of the term under section sixty-eight of the Practice Act, we think the Court clearly right in denying the motion, under the circumstances of this case. There was an appearance, which gave the Court jurisdiction. The appearance, by filing demurrer, was on August 20th, 1863, and the judgment was not entered till January 13th, 1864. The defendant was informed of the fact of the appearance, made no objection, and took no steps to vacate it. The other party was misled by his action, and for that reason did not procure a service which he might have done. He does not pretend to show that he has any defense whatever; and the other party, without any contradiction, shows that he had none, but was a mere trespasser. If he has any meritorious defense he has not shown it, and he has manifested a great degree of *laches*, and a singular indifference in regard to his rights by which the plaintiff was misled to his injury. We think the motion properly denied.

There was no error in entering judgment for want of an answer upon the overruling of the demurrer. "When a demurrer to a complaint is overruled, and there is no answer filed, the Court may, upon such terms as may be just, and upon payment of costs, allow an answer to be filed." (Practice Act, Sec. 67.) But it does not follow that it must in all cases be done. Ordinarily, the Court should doubtless allow an answer to be filed where the demurrer has been interposed in good faith, with some ground for supposing that it would

be sustained. But in this case no leave was asked to file an answer, and the demurrer was manifestly frivolous, and confessedly put in to obtain time, without any intention to rely upon it. Under the circumstances there was, it is true, no improper use intended or attempted to be made of it by the attorneys who put it in. But there was no error in entering judgment upon overruling the demurrer thus interposed.

Judgment and order affirmed.

Mr. Justice Currey expressed no opinion.