[No. 15774.    Department Two.—May 22, 1895.]

THE PEOPLE EX REL. M. V. LOY, APPELLANT, *v.* MOUNT SHASTA MANUFACTURING COMPANY, RESPONDENT.

CORPORATIONS—ORGANIZATION OF MANUFACTURING COMPANY—POWER AS TO RAILROADS AND TRAMWAYS—EMINENT DOMAIN.—The articles of incorporation of a manufacturing company formed to own and run a sawmill, and to manufacture lumber and articles made of wood, are not vitiated by including therein power to operate, construct, maintain, and deal in railroads, tramways, and rights of way, it being frequently necessary in such business to have tramways and railroads as part of the manufacturing plant, though such a corporation could not exercise the right of eminent domain to acquire rights of way.

Id.—Quo Warranto—Functions of Railroad Corporation—Pleading—Demurrer.—An information in the nature of a *quo warranto* seeking to have it adjudged that such manufacturing corporation is exercising the corporate functions of a railroad corporation without right, not being constituted as the code requires of every railroad corporation, does not state a cause of action, and a demurrer thereto is properly sustained.

Id.—Refusal to Allow Amendment.—It is generally a matter of absolute right to allow the plaintiff to amend his complaint; but it may be refused if the court is able to see that the complaint cannot be so amended as to state a good cause of action.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Attorney General W. H. H. Hart, P. O. Chilstrom,* and *T. V. Cator,* for Appellant.

*James Alva Watt,* for Respondent.

Temple, J.—This is an information in the nature of a *quo warranto* to have it adjudged that the defendant is exercising corporate functions without right, and to enjoin it from doing so.

The complaint states that the defendant is doing business as a corporation; that it has a board of directors, a president, and a corporate seal; that it has capital stock upon which it has levied an assessment, is transacting business in corporate form, and claims in good faith to be a corporation; that the corporators have executed, acknowledged, and filed articles of incorporation, which are not set out at large in the complaint.

The articles of incorporation are executed in the manner, and are in substance and form as required by the general provisions of the code for the creation of private corporations, but it is contended that the articles are defective because one of the purposes for which it was formed is expressed as being: " To buy, lease, sell, mortgage, and otherwise deal in . . . . railroads, tramways, and rights of way; to buy, lease, sell, mortgage, operate, construct, and maintain railroads, tramways," etc., and

CVII. Cal.—17

the incorporation was not constituted as the code requires railroad corporations to be.

The general purposes for which the company was formed was to manufacture lumber and all articles made of wood—in other words, to own and run a sawmill. In such business it is frequently necessary to have tramways and railroads as parts of the manufacturing plant. The articles in question would not authorize the corporation to buy, lease, or operate a railway for traffic. Perhaps it was not necessary to make special mention of this part of the manufacturing appliances, but such mention cannot vitiate the incorporation. Such an incorporation could not use the right of eminent domain to acquire rights of way.

We think the court properly sustained the demurrer.

The court refused to allow the plaintiff to amend the complaint. This is generally a matter of absolute right, and when it is refused the court must be able to see that the complaint cannot be so amended as to state a good cause of action. This the court will not often be able to do, but I think it was properly so determined here.

The judgment is affirmed.

HENSHAW, J., and McFARLAND, J., concurred.