[Civ. No. 4838.   Third Appellate District.—July 8, 1933.]

ABBIE F. HURLEY, Appellant, v. LAKE COUNTY et al., Respondents.

Francis L. Ashe and Andriano & Lowery, for Appellant.

Burt W. Busch, District Attorney, and Charles Kasch for Respondents.

PULLEN, P. J.—Plaintiff filed a complaint to recover for personal injuries; to this complaint a demurrer was interposed and by the court overruled. Defendants answered and in due time the cause was set for trial. Plaintiff failed to appear at the time of trial and judgment of dismissal was entered. Upon appeal the judgment of dismissal was set aside (*Hurley* v. *Lake County,* 113 Cal. App. 291 [298 Pac. 123, 125]) on the ground of the insufficiency of the notice of the trial. In its opinion the appellate court, in considering the complaint, said: ''While the clerk's transcript shows that the demurrer to the plaintiff's complaint was overruled it appears from the case which we have cited (*Benton* v. *City of Santa Monica,* 106 Cal. 339 [289 Pac. 203]) that the complaint is manifestly insufficient and should be amended if the facts warrant such action.''

Thereafter, in accordance with the suggestion in the opinion, a notice of the motion was presented by plaintiff for leave to file her first amended complaint. The motion was by the court denied.

After such denial of the motion, no judgment having been entered in favor of defendant upon the original complaint, and no order sustaining a demurrer theretofore interposed having been made, plaintiff served a memorandum to set aside the cause for trial upon the original complaint. An order was made by the trial court setting the case for trial and fixing September 6th as the date therefor. On September 5th, the clerk of the court received a telegram from Mary I. Ashe, as follows: ''San Francisco Calif via postal telegraph, Sept. 4, 1932. F. Merritt, County Clerk, Lake Co., Lakeport, Calif. My husband attorney F. L. Ashe counsel for Miss Abbie Hurley in action Hurley versus Lake County coming on trial tomorrow Sept sixth 1932 has become suddenly ill and is confined to bed by doctors orders must have continuance of above action please advise, am

sending copy of this request to F. Merritt County Clerk of Lake County. Mary I. Ashe.''

Plaintiff failing to appear either personally or by counsel at the trial, the court, upon motion of defendants, dismissed the action under subdivision 3 of section 581 of the Code of Civil Procedure. From this judgment of dismissal plaintiff appeals.

The first point argued for reversal is that the court abused its discretion in denying the motion for leave to file an amended complaint, and, secondly, that the court erred in denying the request of plaintiff for a continuance and in entering judgment for defendants.

Let us consider first the objection that the court abused its discretion in denying the motion for leave to amend. ▉ An order denying a motion to file an amended complaint being an interlocutory order is not appealable (sec. 963, Code Civ. Proc.; *Humphries* v. *Hildreth,* 99 Cal. 265 [33 Pac. 1103] ; *Cornic* v. *Stewart,* 179 Cal. 242 [176 Pac. 164] ), but may be reviewed on appeal from the judgment itself. ▉ We believe the court erred in refusing to permit plaintiff to file her amended complaint. The suggestion by the appellate court that the complaint be amended if the facts so warranted was a direction to both court and counsel. Good reason must exist to justify a court in refusing a request to so amend. When a court can see that a complaint cannot be amended so as to state a cause of action, the refusal is proper. (*People* v. *Mt. Shasta Mfg. Co.,* 107 Cal. 256 [40 Pac. 391].) But from the complaint and the amendments here proposed it appears that a cause of action can be stated.

Respondents point out many alleged shortcomings in the proposed amended complaint, but we do not deem it necessary at this time to pass upon those issues. At the proper time that will be a matter for the attention of the trial court. It is sufficient at this time to know that sufficient facts may be alleged to state a cause of action.

▉ Respondents claim that appellant did not use due diligence in presenting her motion to amend. We cannot agree with counsel in this. No duty rested upon appellant to obtain the entry of an adverse judgment in order that she might appeal therefrom.

Inasmuch as the judgment must be reversed and the cause remanded for a new trial, we will not discuss the point urged by appellant that the court abused its discretion in dismissing the action under section 581 of the Code of Civil Procedure.

The judgment is reversed and the cause remanded, with directions to the trial court to permit appellant, if so advised, to file an amended complaint.

Plummer, J., and Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 6, 1933.