[Civ. No. 9079. Second Appellate District, Division Two.—January 18, 1935.]

ROBERT H. CRAWFORD, Respondent, v. D. W. HERZOG, Appellant.

Irving E. Read and Walter F. Keen for Appellant.

James W. Briscoe for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered judgment for injuries received when the automobile in which he was riding, and which was owned and driven by defendant, left the highway and overturned. From such judgment defendant appeals.

In his original answer to plaintiff's amended complaint defendant admitted that plaintiff was a passenger at the time of the accident. Several weeks before trial he asked leave to amend by declaring that plaintiff was a guest and not a passenger, and to include in his proposed amended answer certain modifications in effect denying that plaintiff was injured or that he had any earning capacity prior to injury. The amendment was not permitted, and the request when renewed at time of trial was again refused. It appears doubtful whether at the time the original answer was filed defendant had in mind the legal distinction between ''passenger'' and ''guest'' as applied to section 141¾ of the California Vehicle Act and construed in

*Crawford* v. *Foster,* 110 Cal. App. 81 [293 Pac. 841], and *Sullivan* v. *Richardson,* 119 Cal. App. 367 [6 Pac. (2d) 567]. The amendment to defendant's answer should have been permitted by the trial court, so as to clearly present the issues at the trial. As stated in *Hurley* v. *Lake County,* 133 Cal. App. 219 [23 Pac. (2d) 838, 839], "good reason must exist to justify a court in refusing a request to so amend". (Code Civ. Proc., sec. 473.) "It can very rarely happen that a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case, and obviate any objection that the facts which constitute his cause of action or his defense are not embraced within the issues or properly presented by his pleading." (*Guidery* v. *Green,* 95 Cal. 630 [30 Pac. 786].)

The trial court found that plaintiff was riding as a passenger. We are unable, however, to discover evidence to support such a finding, and the error in rejecting the proposed amendment therefore becomes important.

Plaintiff, defendant and one Ansel on the day of the accident had ridden in defendant's roadster to inspect a mining property in which a fourth party was interested. No one of them was buying or selling the property or any interest therein to the other, and no money or other valuable thing passed to the defendant from either of the other men by way of compensation. The theoretical consideration paid by plaintiff so as to make him a passenger rather than a guest is asserted to be the value of his services as a guide to help defendant find the property. The excursion, however, bore *indicia* of a joint venture, the details of which are not furnished to us. On the way back it was raining, and in trying to pass a truck and trailer the automobile went off the highway to the left and down an embankment, overturning and injuring plaintiff. The court found that "defendant operated his said automobile so negligently and carelessly and with such lack of regard for the safety of the plaintiff, and with such wilful misconduct" that the car skidded and went off the road. It is to be observed, however, that the issue of wilful misconduct was not essential to plaintiff's case if the trial court was correct in finding that he was a passenger, since that relationship, if it existed, warranted recovery if the driver's negligence, not

amounting to wilful misconduct, was the sole proximate cause of the accident and injuries.

The trial court made specific findings on many elements which formed the basis of the finding as to the negligence and wilful misconduct, as follows: That while attempting to pass the truck and trailer defendant turned to its left side; that it was raining and the highway was wet and muddy; that both vehicles were then going downhill (10 per cent grade); that just before and at the time defendant attempted to pass, the trailer was swaying, but wholly on the right side of the highway, and such swaying was visible to defendant; that the truck was going 25 miles per hour and defendant 35 miles per hour; and that such speed of defendant was greater than was reasonable and proper, having regard for traffic and the condition of the highway; that plaintiff did not call defendant's attention to the specific danger, but when the latter started to pass the truck and trailer plaintiff warned him to be careful. The highway was about 19 feet wide, with dirt shoulders which had become soft and slippery from the rain. It seems that just as defendant started to pass the truck the latter accelerated its speed somewhat.

■ In view of our conclusion that plaintiff was not a passenger, we have analyzed the court's findings and examined the evidence to discover whether, in the event plaintiff was merely a guest at the time, they furnish sufficient basis for determination that defendant was guilty of wilful misconduct so as to render him liable under section 141¾ of the California Vehicle Act. Viewing the evidence in the light most favorable to plaintiff, we conclude that it is not sufficient to support a finding of wilful misconduct as defined in *Olson* v. *Gay*, 135 Cal. App. 726 [27 Pac. (2d) 922], and *Norton* v. *Puter*, 138 Cal. App. 253 [32 Pac. (2d) 172]. What constitutes wilful misconduct has also been considered in the following cases: *Nelson* v. *Westergaard*, 130 Cal. App. 79, 93 [19 Pac. (2d) 867]; *Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279]; *Walker* v. *Bacon*, 132 Cal. App. 625 [23 Pac. (2d) 520]; *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988]; *Gibson* v. *Easley*, 138 Cal. App. 303 [32 Pac. (2d) 983]; *Manica* v. *Smith*, 138 Cal. App. 695 [33 Pac. (2d) 418]; *Meek* v. *Fow-*

*ler,* ■(Cal. App.) 35 Pac. (2d) 410. In other words, we have taken the facts found by the court and have added all additional evidence in the record which would tend to support a finding of wilful misconduct, and are compelled to say that it is insufficient.

The judgment is reversed and the trial court is instructed to allow the proffered amendment to the answer relating to the status of plaintiff while riding in the automobile.

Stephens, P. J., and Crail, J., concurred.