RAMONA MUÑOZ DE ALONSO, Plaintiff and Appellee, *v.* RAMÓN NIEVES LUYANDO, Defendant and Appellant.

No. 7347. Argued March 10, 1938.—Decided June 24, 1938.

332

*Dubón & Ochoteco* for appellant. *R. Díaz Collazo* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Ramona Muñoz, widow of Alonso, brought an action of debt against Ramón Nieves. She alleged that on March 31, 1923, Nieves and José del Llano executed and delivered to her a promissory note for six hundred dollars, value received, to mature on September 30th following, and bearing interest at 1 per cent monthly payable every thirty days. Said note is transcribed in the complaint. The obligation to pay also "costs, expenses, and attorney's fees in case of judicial recovery by the holder of said note" was stipulated therein. The payment of interest after maturity of the obligation was not stipulated at all.

She further alleged that the note had become due since September 30, 1923, and that notwithstanding the demands made by the plaintiff, the defendant had not paid it either in whole or in part, nor had the interest thereon, amounting to nine hundred dollars, been paid either wholly or partially, the obligation, therefore, totalling the sum of fifteen hundred

dollars. She prayed for judgment for the said sum, together with costs, expenses, disbursements, and attorney's fees.

Upon the defendant being summoned, he demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. On May 4, 1936, the court decided the case by a judgment in the following terms.

"On May 4, 1936, there was held the hearing upon the demurrer for insufficiency filed by the defendant. The plaintiff appeared by attorney. The defendant failed to appear either in person or through counsel. The plaintiff moved for final judgment, as the demurrer was clearly frivolous.

"This is an action of debt based on a promissory note subscribed *in solidum* by the defendant before a notary. For the purposes of the demurrer filed, we must accept as true all the averments of the complaint. Such complaint, in our judgment, contains all the necessary elements in this class of actions. It is therein alleged that the defendant contracted the obligation, that the same is due, and that notwithstanding the demand for payment made upon him he has failed to pay either in whole or in part said obligation or the interest accrued since March 31, 1923. The demurrer filed is frivolous and dilatory. *Morales* v. *Torres*, 49 P.R.R. 227; *Mora* v. *Rivera et al.*, 25 P.R.R. 457; *Muñoz* v. *El Zenit*, 27 P.R.R. 27; and cases cited in the first of these decisions.

"Plaintiff's motion is sustained and, therefore, judgment is rendered in favor of the plaintiff, the defendant Ramón Nieves Luyando being adjudged to pay to the plaintiff Ramona Muñoz de Alonso the sum of $600, and interest thereon at 1 per cent monthly from March 31, 1923, until said sum is fully paid, with costs, expenses, and attorney's fees."

The defendant moved for a reconsideration of that judgment and alleged that, although he had been served with notice of the motion of the plaintiff asking for the inclusion of the case in the special calendar of May 4, 1936, in order to argue his demurrer, he had not been advised of such inclusion, for which reason he failed to appear; that his demurrer was not frivolous, because the plaintiff failed to allege in her complaint that she was the owner and actual holder of the promissory note or that the same had not been paid

by the other solidary debtor; that he had not been served with notice of any motion for final judgment and that the entry thereof deprived him of his right to move for the production of said note for the purpose of challenging its authenticity as well as of pleading the defense of prescription; and, lastly, that the payment of interest at 12 per cent per annum imposed on him was contrary to law as such rate of interest had not been expressly stipulated.

By a reasoned decision of June 5, 1936, the trial court denied the motion for reconsideration, and the appeal taken stood until the same was heard on the 10th of last March.

The appellant has abandoned his contention that he had not been served with notice of the hearing of the demurrer but he insists that the complaint is insufficient; that the court had no jurisdiction to render judgment as it did; and that it erred in adjudging him to pay interest at 1 per cent monthly.

Therefore, we have before us a complaint, a demurrer for insufficiency, and a hearing thereon without the appearance of the defendant who failed to justify his absence.

█ The complaint is sufficient. We have given a summary of it. It was unnecessary to allege therein that the plaintiff was the owner and actual holder of the note on which it was based. She transcribed the promissory note and alleged that it was subscribed and delivered by the defendant to the plaintiff, and this is sufficient. "Where in an action on a promissory note the complaint avers that the note was executed by the defendants and delivered to the plaintiff, the presumption of continuity arises." As said by this court in *Solé & Co.* v. *Sepúlveda,* 41 P.R.R. 807, and confirmed in *Abarca* v. *Rodríguez,* 44 P.R.R. 406, 408. That she was the owner thereof implicitly appears from all the averments of the complaint.

██ Nor was it necessary for her expressly to allege that the obligation had not been paid by the other solidary debtor. She alleged that it was due and that the defendant, a solidary debtor, had failed to pay it, and this was sufficient.

"In accordance with section 1182 of the Civil Code, which is in harmony with section 108 of the Law of Evidence, the proof of an obligation devolves upon the person claiming its fulfilment and that of its extinction upon the one opposing or denying it; and the fact that the creditor holds a document or promissory note evidencing the obligation constitutes a presumption against the extinction of the obligation until destroyed by proof to the contrary." *Shaw* v. *Rodríguez et al.,* 24 P.R.R. 812, 813. "Moreover, the presentation of a note in the hands of any holder puts the burden on the defendant to show that the note has been paid." *Royal Bank of Canada* v. *A. McCormick & Co. et al.,* 27 P.R.R. 383, 385. See *Brockway Motor Truck Corp. of P. R.* v. *Lloréns,* 45 P.R.R. 119, where a demurrer was involved.

 Could the court grant the motion of the plaintiff, that is, was it empowered to render judgment upon overruling the demurrer?

More than twenty years ago this court declared and held, in *Mora* v. *Rivera et al.,* 25 P.R.R. 457, 459, that:

"The plaintiff's motion to overrule the demurrer, because the demurrants failed to appear to sustain it, was proper. The district court did not overrule the demurrer offhand, but considered it in connection with the complaint and held that it was frivolous inasmuch as, in the opinion of the court, the complaint was sufficient and adequate to support a judgment without further formality, as the action was for a liquidated and matured debt."

Recently, in *Morales* v. *Torres,* 49 P.R.R. 227, this court, speaking through Mr. Justice Córdova Dávila, said:

"The judgment rendered upon overruling the demurrer was based on a doctrine laid down by this court. In *Mora* v. *Rivera et al.,* 25 P.R.R. 457, it is held. . . .

"This doctrine is supported by the jurisprudence of California. In *Barron* v. *Deleval,* 58 Cal. 95, 97, in construing section 472 of the Code of Civil Procedure of California, equivalent to section 139 of our code, the following was said:

" 'By section 472 of the Code of Civil Procedure, it is provided that "when a demurrer to a complaint is overruled, and there is no

answer filed, *the Court may,* upon such terms as may be just, allow an answer to be filed;'' and in the case of *Seale* v. *McLaughlin,* 28 Cal. 672, the Court say: ''There was no error in entering judgment for want of an answer upon the overruling of the demurrer. 'When a demurrer to a complaint is overruled, and there is no answer filed, the Court may, upon such terms as may be just, and upon payment of costs, allow an answer to be filed.' But it does not follow that it must in all cases be done. Ordinarily, the Court should doubtless allow an answer to be filed where the demurrer has been interposed in good faith, with some ground for supposing that it would be sustained. But in this case no leave was asked to file an answer, and the demurrer was manifestly frivolous, and confessedly put in to obtain time, without any intention to rely upon it. Under the circumstances there was, it is true, no improper use intended or attempted to be made of it by the attorneys who put it in. But there was no error in entering judgment upon overruling the demurrer thus interposed.'' ' ''

The question propounded must, therefore, be answered affirmatively, with the further statement that the trial court did not abuse its discretion in refusing to set aside the judgment so entered.

When filing his motion for reconsideration the defendant had an opportunity to show that he had been actually prejudiced if such was the fact, but he failed to do so. He confined himself to hints without making positive allegations. He failed to enclose a copy of any proposed answer that might serve as a basis for the trial court to ascertain whether he had really a good defense to the claim.

■■ There only remains to be considered the question of interest. In support of his contention the appellant quotes from the case of *Goico* v. *Rodríguez et al.,* 28 P.R.R. 496, 497, the following paragraphs:

''We are persuaded that the district court erred in allowing interest at 12 per cent from and after the expiration of the full term of the mortgage and for this reason the judgment as rendered can not stand.

''The conclusion so reached is supported by sections 1067, 1068, 1075, 1076 and 1141 of the Civil Code; but even otherwise we would

be. content to follow the doctrine announced by the United States Supreme Court as indicated in the following text:

" 'It is well settled that the conventional rate of interest will be allowed after maturity where there is a stipulation to this effect; and it has also frequently been held that such rate may be allowed even in the absence of express agreement to that effect where from the terms of the obligation itself when properly construed it is plainly manifest that this was the intention of the parties, as for instance in the case of a note payable one day after date, or a note payable on demand, with conventional interest. Where, however, there is no indication of the intention of the parties to the contract and the question is not settled by statutory enactment, there is a conflict of authority as to whether the conventional or legal rate will be allowed after maturity. According to one line of decisions the conventional rate of interest will continue after maturity as before, in the absence of any stipulation of the parties. On the other hand the courts in a number of states hold that under such circumstances the legal rate of interest and not the conventional rate will be allowed after maturity. This is the rule usually applied by the United States Supreme Court, but that tribunal has held that the question is always one of local law, and that where a different rule has been established it governs in that locality. There is much soundness in the position that where the contract is silent as to the rate of interest after maturity, the legal rate should be allowed. Those who maintain the opposite view hold it to be a presumption of the parties that the rate stipulated before should continue after maturity; but this is opposed to the rule that after a failure to pay, interest is then given not according to contract, but in the nature of damages, and then the rule of damages, the legal rate of interest, should govern.' 15 R.C.L. 22."

In *Caraballo* v. *Registrar*, 48 P.R.R. 902, 904, this court confirmed and applied the doctrine laid down in *Goico* v. *Rodríguez, supra,* as follows:

"The original contract contained no provision concerning the rate of interest in the event of nonpayment after maturity. In the absence of any such provision the mortgagees, if they had brought an action on the original contract, could not have recovered interest at more than 6 per cent after the date of maturity and default. See section 1061 of the Civil Code, 1930 ed.; *Goico* v. *Rodríguez*

*et al.,* 28 P.R.R. 492; *Cook* v. *Fowler,* 14 E.R.C. 546, and other cases cited in 33 C. J. 226, section 111, and decision of the Supreme Court of Spain, June 7, 1922, 156 *Jur. Civ.* 464.''

The error assigned was, therefore, committed, but it will not cause a reversal of the judgment appealed from, which will be, however, modified so as to adjudge the defendant to pay interest at the rate of 12 per cent until September 30, 1923, and at 6 per cent thereafter; and as so modified, the judgment is affirmed.

Mr. Justice De Jesús took no part in the decision of this case.