[Civ. No. 36953. Second Dist., Div. Two. Jan. 20, 1971.]

MINNIE CHITWOOD, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

## COUNSEL

Mike Mayo for Plaintiff and Appellant.

John D. Maharg, County Counsel, and John R. Taylor, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—This is an appeal from a judgment rendered against plaintiff (appellant) and an order denying appellant's motion for leave to file an amended complaint.

On May 4, 1967, plaintiff filed a complaint against County of Los Angeles, defendant (respondent) and Does I-X inclusive, alleging substantial·damage wrongfully caused by defendants to her property in December 1966 as the result of the construction of a huge pipe on property for the maintenance of which defendants were responsible, which pipe changed the "natural flow of rainfall." Respondent filed its answer on May 12, 1967. The answer denied generally and specially all allegations of the complaint except that a claim was filed with the clerk of the board of supervisors and rejected.

Interrogatories propounded by appellant on July 26, 1967, were answered on August 17, 1967, under the caption "ANSWER TO INTERROGATORIES— BY DEFENDANT—LOS ANGELES COUNTY FLOOD CONTROL DISTRICT." (District). Thereafter, respondent served appellant with interrogatories (December 26, 1967); appellant answered (January 31, 1968); a certificate of readiness was filed (August 19, 1969); and trial was continued on the County's motion to March 19, 1970.

On March 16, 1970, respondent, the defendant named in the complaint, moved for summary judgment on the grounds that it did not have "any right, title or interest" in the property upon which the pipe construction and installation was made and that respondent could not have caused nor could it have been responsible for any damage to plaintiff's property.

Affidavits in support of the motion showed without question that the property was owned by the Los Angeles County Flood Control District and not respondent. Appellant sought to amend her complaint by substituting "Los Angeles County Flood Control District" for "County of Los Angeles" on the caption of her complaint. Appellant's motion was denied and a summary judgment in favor of respondent was granted.

Appellant first contends that the misnomer of the proper defendant in the complaint was an honest mistake by appellant.

The Los Angeles County Flood Control District is a legal entity distinct and different from the County of Los Angeles. (*County of Los Angeles* v. *Continental Corp.*, 113 Cal.App.2d 207, 220 [248 P.2d 157].) Since it was not named in the complaint except as one of "Does I through X inclusive" it simply was not a defendant (unless it voluntarily appeared) —a matter implicitly recognized by appellant's attempt to amend the complaint.

■ An amendment after the statute of limitations has run[1] is not permitted when the result is to drop one party to the action and add another who up to the time of the amendment was not a party to the proceedings. (*Stephens* v. *Berry*, 249 Cal.App.2d 474, 478 [57 Cal.Rptr. 505].) Appellant cites this rule but makes no attempt to avoid its application to the case at bench. Even if we accept the assertion that naming the county instead of the flood control district was an honest mistake, we are guided by the rule set forth in *Stephens* that the claim of an honest mistake in the naming of a party is legally insufficient to bring a new party into the litigation after the statute of limitations has run. (*Id.* at p. 478.)

■ Appellant also contends that District generally appeared when, acting through the Los Angeles County Counsel, it contested appellant's motion to amend the complaint. However, District's sole purpose in appearing to the motion was to object to the assertion of jurisdiction over its person. It sought no other relief. (*Goodwine* v. *Superior Court*, 63 Cal. 2d 481, 484 [47 Cal.Rptr. 201, 407 P.2d 1].) Accordingly, standing alone, District's objection to the motion to amend was a special appearance.

---

[1]Code of Civil Procedure section 338 requires an action for property damage to be brought within three years of the date of injury. The amendment here was sought in March 1970.

■ We feel, however, that the record shows that District when it answered the interrogatories appeared generally as one of the Does or implicitly conceded that as of the date it answered the interrogatories it could be substituted for respondent. The record in the trial court appears to show that appellant's counsel conceded that District's answer to the interrogatories did not amount to a general appearance. This concession is not repeated on appeal and is ignored by appellant's brief. This substantial concession, made without a showing of specific authorization by appellant, does not bind her or this court. (*Price* v. *McComish,* 22 Cal.App. 2d 92, 96-99 [70 P.2d 978].)

Our independent research discloses no California authority on the question whether answering interrogatories amounts to an appearance under Code of Civil Procedure section 1014.[2] We have before us a unique factual situation where two independent governmental entities whose responsibilities appear to be geographically coterminous are represented by the same public law office. Under these circumstances, it is not difficult to understand, as respondent contends, why, as a practical matter, one of these governmental entities inadvertently answered interrogatories addressed to the other. When, however, the claimed inadvertence is exacerbated by a delay of almost three years by the failure of the same law office representing both respondent and District to move for a summary judgment, one commences to wonder why, if District did not intend to appear and defend, respondent did not immediately, after it filed its answer, move for a summary judgment.

Jurisdiction over the parties is a primary requirement because it assures notice and an opportunity to be heard. (See Rest., Judgments, § 8, com. b.) Jurisdiction may be conferred by a general appearance in lieu of service. (Code Civ. Proc., § 410.50 subd. (a).) ■ While section 1014 of the Code of Civil Procedure lists acts which amount to a general appearance, that list is not necessarily exhaustive. (*Davenport* v. *Superior Court,* 183 Cal. 506, 511 [191 P. 911].) The underlying theory of a general appearance is that it is effected when a defendant takes any part in the action or proceedings, e.g., by pleading or by participating in the trial, other than to specifically contest the court's jurisdiction over his person. (1 Witkin, Cal. Procedure (2d ed. 1970) p. 647.)

---

[2]Code of Civil Procedure section 1014: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. Where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail."

At bench, District filed answers to appellant's interrogatories. The information was requested, *and supplied,* on the clear understanding that it related to a claim properly presented and then filed as a civil action in a proper court. When the substance and form of the answers made by District to appellant's interrogatories is considered it is difficult to conclude that District would have answered at all if it did not accept such understanding. The document by which District appeared is appropriately captioned—and filed—as in the "SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES"—"ANSWER TO INTERROGATORIES BY DEFENDANT LOS ANGELES COUNTY FLOOD CONTROL DISTRICT"; the answers to appellant's interrogatories are set forth in separate paragraphs; and the document is signed by an assistant civil engineer employed by ". . . defendant, Los Angeles County Flood Control District; . . ."[3] As the nature of the answers to the interrogatories shows, the flood control district took extensive and affirmative steps in ferreting out the requested information, preparing it in an appropriate fashion, and filing it in the superior court where the action was pending.

"The test as to whether an appearance is general or special is, 'Did the party appear and object only to consideration of the case or any procedure in it because the court had not acquired jurisdiction over the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in the pending case, *or which itself would be a regular proceeding in the case,* it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance.' (*Judson* v. *Superior Court,* 21 Cal.2d 11, 13 [citation]; see also *Hernandez* v. *National Dairy Products,* 126 Cal.App.2d 490 [citation].)" (Italics added.) (*Armstrong* v. *Superior Court,* 144 Cal. App.2d 420, 423 [301 P.2d 51].)

Answering interrogatories is, of course, a "regular proceeding in the case." Moreover, while the answers do not constitute a request for relief,

[3]The page showing the signature of the assistant civil engineer was omitted from the record on appeal. It is contained in the superior court file. We have augmented the record on appeal on our own motion by making the pleadings in the superior court file a part of the record on appeal. (3 Witkin, Cal. Procedure (1954) p. 2329; Cal. Rules of Court, rule 12(a).)

the act of filing and serving them is evidently predicated on the assumption that the court has jurisdiction over the answering party—otherwise, there would be no need for the answers. In terms of *Armstrong, supra,* the only hypothesis upon which answers to interrogatories are prepared, filed and served is that the answering party is subject to the court's jurisdiction.

This is not a case where a motion to withdraw an (unauthorized) appearance could have been appropriately granted by the court below, had District so moved after the filing and service of the answers to the interrogatories. (*Wilson* v. *Barry,* 102 Cal.App.2d 778, 780 [228 P.2d 331] [motion to withdraw appearance appropriate if the appearance was in fact unauthorized].) After the answers had been filed and served, District was in the same position as the defendant in *Seale* v. *McLaughlin,* 28 Cal. 668, who had not been served but whose attorney filed a demurrer (a general appearance) and then allowed judgment to be rendered against the defendant by virtue of a default. The court in *Seale* held: "The defendant was informed of the fact of the appearance, made no objection, and took no steps to vacate it. *The other party was misled by his action,* and for that reason did not procure a service which he might have done." (Italics added; *id.* at p. 672.) The court then held that a motion to vacate the default judgment, made on the ground that defendant's attorney had entered an unauthorized appearance, was correctly denied by the lower court.

At bench, District, by virtue of the preparation of the answers to the interrogatories, was of necessity informed of the pending action; it proceeded through its attorneys to file the answers and it confirmed appellant in her belief that she had a live lawsuit. District thus participated in a regular proceeding in the case, entered a general appearance, implicitly consented that it was appearing as one of the Does and that it be substituted as the true defendant in the action. A formal motion to amend and substitute District for respondent as the true defendant was appropriate in that District was appearing as one of Does I-X; the motion could properly be made at some time before judgment.

It follows that the order denying appellant's motion to amend the complaint was erroneously entered.

■ Appellant's purported appeal from the order denying leave to file the amended complaint must be dismissed since an order denying a motion to amend a complaint by the substitution of parties is nonappealable. (*Camp* v. *Oakland Mortgage etc. Co.,* 205 Cal. 380 [270 P. 685].) But we are not precluded from reviewing, as we have, the propriety of that order in an appeal from the final judgment. (*Id.* at p. 383.)

Since respondent did show that in the action brought by appellant, there was no triable issue of fact as to it the motion for summary judgment was correctly granted as to respondent.

The judgment is reversed in part and the cause remanded, with directions to the trial court to permit appellant, if so advised, to file an amended complaint showing the Los Angeles County Flood Control District as defendant in the action. (*Hurley* v. *Lake County,* 133 Cal.App. 219, 222 [23 P.2d 838].) The judgment is affirmed as to respondent County of Los Angeles.

The appeal from the order denying leave to file an amended complaint is dismissed.

Herndon, J., and Fleming, J., concurred.