[Civ. No. 18973.   First Dist., Div. One.   Aug. 29, 1960.]

SUSAN SNIDER et al., Appellants, v. MAUDE WHITSON, Respondent.

Vernon F. Humber for Appellants.

Pelton, Gunther, Durney & Gudmundson for Respondent.

PAULSEN, J. pro tem.*—Plaintiffs appeal from a judgment entered after a general and special demurrer to plaintiffs' first amended complaint was sustained without leave to amend.

While there are four other causes of action in the complaint

---

*Assigned by Chairman of Judicial Council.

dealing with defendants other than defendant Whitson, the only causes of action we are concerned with are those attempted to be alleged in counts 3 and 4. Count 3 attempts to set up a cause of action in favor of plaintiff Susan Snider based upon wilful misconduct of defendant Whitson; count 4 attempts to set up a cause of action in favor of plaintiff Lorena Mae Gledhill, likewise based upon wilful misconduct. Typical of the allegations in each count is the following in count 3: that on the 11th day of October, 1958, plaintiff "was a guest in a certain automobile . . . being driven, owned and controlled by the Defendant" on a public highway; "That at said time and place the Defendant, MAUDE WHITSON, did wilfully misconduct herself in the operation and control of her vehicle in the following respects and particulars: That the Defendant, MAUDE WHITSON, was a person of the advanced age of 83 years; that the Defendant, MAUDE WHITSON, well knew that her advanced age had resulted in delayed, sluggish and slow reactions to anticipated dangers in driving an automobile; that the Defendant, MAUDE WHITSON, knew she had poor and failing eyesight and was unable to properly judge distance and speeds of oncoming vehicles; that the Defendant, MAUDE WHITSON, knew of her incapacity to safely drive an automobile without danger to the general public and those riding as passengers with her; that in spite of each and every of the above matters the Defendant continued to drive her automobile in wilful disregard of the safety of the general public and more particularly the Plaintiffs herein. That solely and proximately as a result thereof the Plaintiff, SUSAN SNIDER, sustained severe personal injuries. . . ."

As guests, plaintiffs are required to plead and prove wilful misconduct on the part of defendant or they cannot recover. (Veh. Code, § 17158.)

Defendant's infirmities, her knowledge thereof, and their effect upon her ability to drive, are alleged in detail, but no facts concerning an accident are stated. It cannot be determined from the complaint whether there was a collision, whether defendant drove off the road, or whether her act, whatever it was, was the result of negligence, gross negligence, or wilful misconduct, or that her physical condition was the proximate cause of whatever occurred to cause plaintiffs' injuries. Nevertheless, plaintiffs contend that under our liberal rules of pleading no other facts need be stated.

It is difficult to reconcile some of the decisions in this state dealing with the question of required statements of fact in

ordinary negligence cases. In the leading case of *Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97, 101 [114 P.2d 1], it is said that "a cause of action may be stated in which negligence is alleged in general terms, without detailing the specific manner in which the injury occurred." Further, "There are, of course, limits to the generality with which a plaintiff is permitted to state his cause of action, and it is ordinarily said that while negligence may be pleaded in general terms, the plaintiff must indicate the acts or omissions which are said to have been negligently performed." Where ordinary negligence was relied upon, a statement that the defendant negligently operated an automobile was held sufficient. (*Latky* v. *Wolfe*, 85 Cal.App. 332 [259 P. 470]; *Wiley* v. *Cole*, 52 Cal. App. 617 [199 P. 550].)

Where a plaintiff relies upon wilful misconduct there are sound reasons why he should be required to state the facts more fully than in ordinary negligence cases so that it may be determined whether they do constitute wilful misconduct rather than negligence or gross negligence. The distinction is often difficult to determine.

In *Nichols* v. *Smith*, 136 Cal.App. 272 [28 P.2d 693] (decided at a time when a guest could recover upon proof of gross negligence), it was held that allegations of negligence in general terms were insufficient to state a cause of action for gross negligence. The reasoning of that case was followed in *Bartlett* v. *Jackson*, 13 Cal.App.2d 435, 436 [56 P.2d 1298], and applied to a claim of wilful misconduct. It was there alleged that " 'As a result of the defendant's wilful misconduct in the operation of the aforedescribed International truck and trailer, the plaintiff was thrown with great force . . .' and injured." The court stated: "No facts are alleged which are deemed to have constituted wilful misconduct. . . .

"In the case of *Norton* v. *Puter*, 138 Cal.App. 253, 258 [32 P.2d 172], it is said:

" 'Wilful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom.'

"We are cited to no authority in this state which holds that a complaint which is based on wilful misconduct, and which merely alleges in general language that the defendant was guilty of wilful misconduct in the operation of his automobile, without reciting any specific facts upon which that charge is

based is sufficient as against a special demurrer. In the case of *Helme* v. *Western Milling Co.*, 43 Cal.App. 416 [185 P. 510], it is said:

" ' "Wilful misconduct" means something different from and more than negligence, however gross. . . .' "

No case has come to our attention which holds that a cause of action for wilful misconduct can be stated without stating some specific act or omission that caused the injury, or which holds that the mere act of driving, by one who knows he suffers from certain infirmities that to some extent impair his ability to drive, is sufficient to show wilful misconduct. The demurrer was properly sustained.

Plaintiffs contend that they could have stated sufficient facts if they had been given permission to amend.

Apparently the court was of the opinion that no cause of action could be stated under the circumstances. In *Emery* v. *Emery*, 45 Cal.2d 421 [289 P.2d 218], it was alleged that the driver was unskilled; that immediately before the accident he was " 'sleepy and drowsy' "; that he "had not had any sleep for more than 24 hours, that for a long period of time and many miles of travel before the accident he drove at high and excessive rates of speed on a road that was narrow and unfamiliar to him. . . ." This was held to be a sufficient statement to constitute wilful misconduct.

We can see no difference in principle between an act, such as driving at excessive speeds when sleepy, and such an act performed by one suffering from a physical handicap which he knows makes it unsafe for him to drive an automobile. Whether the condition is temporary or permanent, whether it is self-induced or caused by physical defects or age, if a driver performs an act which he knows he cannot perform safely, and with full appreciation of the facts intentionally acts in a manner likely to result in injury to another, and which as a proximate cause results in such injury, he is guilty of wilful misconduct.

Surprisingly, there is a paucity of cases in this state and elsewhere dealing with the effect on the question of a driver operating a motor vehicle knowing that he has a physical infirmity which impairs his driving ability. In *Huddleston* v. *Pound* (1937), 21 Cal.App.2d 128 [68 P.2d 376], a wilful misconduct case, there is mention that there was evidence to the effect that the driver's eyesight was defective, and that it caused the accident in question there. However, the reviewing court pointed out that there was evidence to the contrary,

which evidence the trial court weighed and determined adversely to the contention that the condition of the driver's eyesight contributed to the accident. There was no discussion of the pleading in the case, nor of whether or not the defendant would have been guilty of wilful misconduct had the trial court found on the facts otherwise than it did. However, the reviewing court seemed to assume that a combination of factors such as physical infirmity and high speed might constitute wilful misconduct under the California "guest" statute.

In *Bridges* v. *Speer* (Fla., 1955), 79 So.2d 679, the reviewing court reversed a judgment dismissing a second amended complaint for failure to state a cause of action within the meaning of the Florida "guest" statute (§ 320.59, F.S. 1951, F.S.A.). The court discussed physical impairment constituting wanton misconduct and concluded (p. 681): ". . . the general trend of the cases points up the fact that the pivot upon which the question turns is knowledge of one's unfitness to drive."

It is significant that the complaint in the Florida case alleged facts almost identical to the facts at bar, as follows: ". . . her eyesight was poor, her perception of distance bad to the extent that she could not safely judge distances . . . all of which she well knew or had reason to know . . ." (*Bridges* v. *Speer, supra,* at p. 680.)

However, the value of the case in connection with our "guest" statute is somewhat impaired by the fact that the above mentioned Florida "guest" statute allows a guest to recover for injuries caused by the "gross negligence or wilful and wanton misconduct" of the operator, while our statute limits recovery to "wilful misconduct."

Sufficiency of a similar complaint was tested in *Hinson* v. *Dawson,* 244 N.C. 23 [92 S.E.2d 393, 62 A.L.R.2d 806]. Although there was a conclusory allegation that the defendant's conduct had been wanton, and punitive damages asked for, the facts were held sufficient to state a cause of action on information and belief. The plaintiff complained of defective vision rendering the defendant incapable of seeing and apprehending dangers inherent to operation of motor vehicles, and the defendant had full knowledge of such defect. The court concluded that the plaintiff had a right, in relation to the facts alleged, to allege that the defendant's conduct was wanton.

*Wilson* v. *Hill,* 103 Colo. 409 [86 P.2d 1084], was an action by a guest against her host-driver based upon the Colorado "guest" statute allowing recovery where there is negligence

consisting of "a wilful and wanton disregard of the rights of others (§ 371, ch. 16, 1935 C.S.A., ch. 118, p. 460, S.L. 1931). The defendant was charged with driving knowing that because of severed ligaments of her arm she was incompetent to drive. The plaintiff recovered a verdict which was set aside on appeal because of failure to give a certain instruction. However, the reviewing court seemed to assume that a case of "wilful and wanton disregard of the rights of others" was made out.

Section 17158 of the Vehicle Code allows recovery by a guest for injuries resulting from the intoxication of a driver. In *Smith* v. *Baker,* 14 Cal.App.2d 10, 13 [57 P.2d 960], the court in defining the meaning of "intoxication" under the then "guest" statute (Veh. Code, § 403, now § 17158) said: "A person may therefore be said to be intoxicated or in a state of intoxication within the meaning of the guest statute, if intoxicating liquor has so far affected his nervous system, brain or muscles 'as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions.' " It would seem reasonable to apply a similar test to a person driving with physical infirmities, if they "impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions."

██ Merely driving with physical infirmities known to the driver does not *per se* constitute wilful misconduct. (See 28 A.L.R.2d 33.) It is driving with those infirmities which he knows have impaired his ability to drive as a prudent and cautious person would drive and as a result of such impairment proximately causes injury, which brings the driver within the application of our "guest" statute.

██ ██ It would appear that to knowingly drive with physical infirmities which the driver knew made her incapable of driving an automobile without danger to the general public and those riding as passengers with her would constitute wilful misconduct as defined in *Meek* v. *Fowler* (1935), 3 Cal.2d 420, 426 [45 P.2d 194] : " '. . . Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act

with a wanton and reckless disregard of its possible result.' " (See also *Studer* v. *Plough,* 179 Cal.App.2d 436, 441 [3 Cal. Rptr. 785].)

While, as before stated, plaintiffs' complaint did not state a cause of action for wilful misconduct, it did have the nucleus of one, and plaintiffs should have been permitted to amend, if they could set forth facts which will show that defendant Whitson was guilty of wilful misconduct which proximately caused injury to plaintiffs.

The judgment is reversed and the trial court is directed to permit plaintiffs to amend their complaint. Defendant will recover costs.

Bray, P. J., and Tobriner, J., concurred.