[Civ. No. 28644.   Second Dist., Div. Two.   Oct. 28, 1965.]

AMACORP INDUSTRIAL LEASING CO., INC., Plaintiff, Cross-defendant and Respondent, v. ROBERT C. YOUNG ASSOCIATES, INC., Defendant, Cross-complainant and Appellant;   ADDRESSOGRAPH-MULTIGRAPH CORP., Cross-defendant and Respondent.

Steven L. Dobbs for Defendant, Cross-complainant and Appellant.

Song, Kell & Schwartz and George W. Kell for Plaintiff, Cross-defendant and Respondent.

McCutchen, Black, Verleger & Shea, Howard J. Privett, Sheldon A. Gebb and Franklin H. Wilson for Cross-defendant and Respondent.

ROTH, P. J.—Respondent, as plaintiff Amacorp Industrial Leasing Co., Inc. sued appellant Robert C. Young Associates, Inc. (Young) for money allegedly due on a lease contract executed on or about May 10, 1962, covering an offset duplicating press. The contract called for the payment of $14,115 payable in 60 monthly installments. $1,646.75 was paid.

Young denied each and every allegation of the complaint, admitting only the payment of the $1,646.75. Young set up an affirmative defense in its answer and cross-complained against Amacorp, adding as a new cross-defendant, Addressograph-Multigraph Corp. (hereinafter called Multigraph). The allegations of the affirmative defense and of the cross-complaint are substantially the same. These allegations in pertinent part are that:

On or about January 25, 1962, Young entered into a contract with Multigraph for the purchase of the printing press; a copy of this contract is attached to the cross-complaint and incorporated by reference (this was a form contract, describing the press, the parties to the contract, and the total price of the press as $10,693.28; the terms of payment were not filled in, nor was it signed or accepted by Multigraph); on or about May 10, 1962, Young was led to believe by Multigraph that Amacorp was a subsidiary of Multigraph and Young was persuaded by Multigraph to sign a lease of personal property with Amacorp; a copy of the lease is attached to the cross-complaint and incorporated by reference (a form lease fully completed and apparently duly executed by both parties on May 10, 1962, describing the same press); prior to January 25, 1962, Young explained to Multigraph the particular use to which the press was to be put, and Multigraph warranted that the press would do the job; prior to January 25, 1962, Multigraph delivered the machine in pursuance of the sales contract [between Multigraph and Young]; Multigraph "represented to the cross-complainant that AMACORP . . . would enter into a lease-sales agreement . . ." referring to the lease agreement "wherein cross-complainant agreed to pay the rental for the use of the . . . press in the sum of $14,115.00 at the monthly rental rate of $235.25 and under the said alleged agreement the cross-complainant paid $1,646.75"; after delivery of the press it proved to be deficient [in certain specified ways]. Appellant prayed for a rescission of the agreements and for damages.

Amacorp answered the cross-complaint. Multigraph de-

murred specifically and generally. On September 25, 1963, the court sustained the demurrer on all grounds with leave to amend in 10 days. Young's request for an extension of time to amend was orally stipulated to by Multigraph and on November 8, 1963, Young served an amended cross-complaint on Multigraph, but did not file it with the court. The amended cross-complaint was in substance a repetition of the original cross-complaint. Multigraph again demurred, but solely on the ground that the amended cross-complaint failed to state a cause of action; in addition Multigraph moved to strike the pleading on the grounds that it was a sham and that its filing was untimely.

On November 14, 1963, Amacorp filed an answer to the amended cross-complaint, which although not filed with the court until December 2, 1963, was served on Amacorp apparently on the same day it was served on Multigraph, to wit, November 8, 1963.

On Friday, November 29, 1963, hearing was held on the demurrer and motion to strike, at which time Young had still not filed its amended cross-complaint with the court. The minute order of November 29 states that it was stipulated that the amended cross-complaint could be filed that day.

On December 2, 1963, the following Monday, the amended cross-complaint was filed. On December 9, 1963, the court sustained the demurrer without leave to amend and also granted the motion to strike. A judgment was entered dismissing the cross-complaint in favor of Multigraph. Young appeals from this judgment.

Appellant urges that the trial court erred in sustaining without leave to amend the demurrer of Multigraph and in granting Multigraph's motion to strike the cross-complaint against it and entering a judgment of dismissal in favor of Multigraph. We agree.

■ It is settled that a complaint or a cross-complaint challenged by a general demurrer must be liberally construed and the demurrer overruled if any cause of action is stated by the plaintiff. (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 638 [234 P.2d 981]; *Gressley* v. *Williams,* 193 Cal.App.2d 636, 638-639 [14 Cal.Rptr. 496].)

■ To determine the sufficiency of a complaint or cross-complaint, the court must look to the whole of the pleading, construing each part in its total context. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867]; *Reed* v. *Norman,* 152 Cal.App.2d 892, 899 [314 P.2d 204].)

It is clear from Young's amended cross-complaint that he is attempting to state a cause of action for breach of warranty. Reading the amended cross-complaint as a whole, it is inferable that Young went to Multigraph to purchase the printing machine; that Multigraph warranted that the press would function according to Young's particular needs; that some sort of agency relationship existed between Multigraph and Amacorp under which Young purchased the printing press on a sale-lease arrangement whereby he would lease the machine, paying rent for five years after which time he would own the machine. This inference is bolstered by the fact that the unsigned contract of sale alleged by Young contains a purchase price of $10,693.28, which if paid for a period of five years at a compound interest rate of 5¼ per cent equals an amount very close to the lease price of $14,115.

Multigraph points to the incomplete contract incorporated in Young's amended cross-complaint and cites *Silvers* v. *Grossman,* 183 Cal. 696 [192 P. 534] and *Gilmore* v. *Lycoming Fire Ins. Co.,* 55 Cal. 123, and argues that no breach of warranty could be stated against it, since the amended cross-complaint fails to allege that Multigraph is under any contractual obligation to Young. These cases cited are not in point. *Silvers* deals with a settlement contract pleaded in *haec verba* in defense of a personal injury suit. The contract was ambiguous as to whether it was an executory accord or an accord and satisfaction. The court held that the answer was subject to demurrer since the contract as adopted failed to show an essential fact which would have to be alleged to establish a valid defense. In *Gilmore, supra,* the court sustained a demurrer to a complaint which pleaded an insurance contract in *haec verba* because it was apparent that the entire contract had not been included.

In the case at bench, the entire contract was incorporated by reference. It clearly shows who the parties are, the subject matter of the contract, the fact of sale and the purchase price. The omission of Multigraph's signature in no way vitiates Young's allegation that a contract of sale *existed* between the parties, for the writing was incorporated only for the purposes of showing the *terms* of the contract.

Multigraph's liability for breach of warranty is predicated not on the unsigned contract of sale alone, but on the transaction as a whole. It is true that implied warranties arise only when there is a sale or contract of sale (Civ. Code, § 1735), but sales and contracts of sale are not limited to

written transactions (Civ. Code, § 1723). All the circumstances of a transaction may be considered (see *MacRae* v. *Heath,* 60 Cal.App. 64, 68 [212 P. 228]; *Chico Tractor, Inc.* v. *Coyle,* 215 Cal.App.2d 483, 486 [30 Cal.Rptr. 196]). The cases are clear that there can be a sale or contract of sale in leasing arrangements. (See *Bachenheimer* v. *Palm Springs Management Corp.,* 116 Cal.App.2d 580, 589-590 [254 P.2d 153]; *Parke & Lacy Co.* v. *White River Lumber Co.,* 101 Cal. 37 [35 P. 442].) ▇ The allegations of the cross-complaint are sufficient in our opinion as against a general demurrer to afford Young an opportunity to more fully explain the circumstances of the transaction alleged.

Appellant also argues that the court should not have granted Multigraph's motion to strike the amended cross-complaint. We agree. The order striking the amended cross-complaint was apparently an alternative to the granting of the general demurrer and was based on the grounds that the amended pleading was untimely and a sham.

Appellant insists that when a motion to strike is granted concurrently with the sustaining of a general demurrer, the order granting the motion to strike must be disregarded, citing *B. F. G. Builders* v. *Weisner & Coover Co.,* 206 Cal.App.2d 752 [23 Cal.Rptr. 815]. In the cited case, however, the demurrer was sustained with leave to amend. The order to strike, made concurrently, was effective as an immediate dismissal. This conflict created a highly ambiguous situation. In the case at bench, no such ambiguity appears since the demurrer was granted, although erroneously, without leave to amend. (*Lavine* v. *Jessup,* 48 Cal.2d 611, 614 [311 P.2d 8].) We must therefore decide whether the order granting the motion to strike was properly made. Since an amended pleading which states a cause of action is not a sham and since we have decided that the amended cross-complaint did state a cause of action, the sole question before us on this facet of the litigation is the timeliness of the filing of the amended cross-complaint.

▇ There is no doubt that the trial court, in its sound discretion, may grant a motion to strike a pleading because it was not timely filed. (*Buck* v. *Morrossis,* 114 Cal.App.2d 461, 464-465 [250 P.2d 270].) In the case at bench, it was stipulated in the minute order of November 29, 1963, that despite Young's failure to file an amended cross-complaint at that time, the case could proceed if filing was made on that

day. Young failed to file on November 29, which was a Friday, but did file on December 2, the following Monday. In other words, after some considerable delay in filing, Young finally filed one day beyond the date set by a liberal trial court.

However, recent California cases upholding a motion to strike for failure to timely file all involve aggravated circumstances. *Collins* v. *Bicknell,* 41 Cal.App. 291 [182 P. 763] and *Cuddahy* v. *Gragg,* 46 Cal.App. 578 [189 P. 721] involved frivolous and sham demurrers, and *Buck* v. *Morrossis,* 114 Cal.App.2d 461 [250 P.2d 270] involved a purposely dilatory defendant.

It cannot be said in the instant case that Young was purposely dilatory, nor, as we have seen, was the amended cross-complaint a sham or frivolous. Multigraph has suffered no prejudice because of the delay, and it would be most unjust to prevent Young from having its day in court because its amended cross-complaint was filed one day beyond the time set by the court. We hold that the court erred in striking the amended cross-complaint from the files.

Before proceeding to trial, Amacorp moved for a judgment on the pleadings. The motion was granted and judgment entered for Amacorp on its complaint. From this judgment, Young also appeals.

Appellant contends that the judgment in favor of Amacorp is incorrect. ■ The effect of a judgment on the pleadings is the same as a dismissal after ruling on a general demurrer. (*Beverage* v. *Canton Placer Mining Co.,* 43 Cal.2d 769, 772 [278 P.2d 694].)

In the case at bench, the ruling determined that Young's answer constituted no defense (*Bank of America* v. *Vannini,* 140 Cal.App.2d 120, 126 [295 P.2d 102], and that the amended cross-complaint stated no cause of action (*Beverage* v. *Canton Placer Mining Co., supra,* at p. 772.)

In view of our holding that Young's cross-complaint states a cause of action against Multigraph, it is clear that it states a case against Amacorp. Since the answer to Amacorp's complaint is essentially the same as Young's amended cross-complaint, it is clear that a valid defense is stated. (Civ. Code, § 1789, subd. (4).)

The judgment is reversed with directions to overrule Multigraph's general demurrer, to deny its motion to strike, and to deny Amacorp's motion for judgment on the pleadings.

Herndon, J., and Fleming, J., concurred.