[Civ. No. 32970. Second Dist., Div. One. Mar. 11, 1969.]

SADIE L. JONES, Plaintiff and Appellant, v. OXNARD SCHOOL DISTRICT et al., Defendants and Respondents.

588

Cohen & Alexander and Charles W. Cohen for Plaintiff and Appellant.

Herbert L. Ashby, County Counsel, and Dorothy L. Schechter, Assistant County Counsel, for Defendants and Respondents.

THOMPSON, J.—Appellant originally filed her verified complaint on May 1, 1962, alleging that she was a qualified certificated elementary school teacher and that she had been denied a teaching position by the respondent school district at the inducement of the individual respondents because of her Negro ancestry. The complaint in two counts sought damages against the individual respondents and injunctive relief against the school district. A general demurrer to the complaint was sustained upon the basis that: (1) action by the individual respondents was privileged; and (2) appellant was barred from proceeding against the district by reason of not having exhausted the remedies granted by the California Fair Employment Practices Act.

Appellant then filed her verified first amended complaint, the pleading now before us. The first amended complaint is also framed in two counts, one pertaining to the school year 1960-1961 and the other to the school year 1961-1962. It is in essence the same as the original complaint except that it omits reference to racial discrimination. The pleading alleges the official position of the individual respondents. It states that appellant was a qualified elementary school teacher and the holder of a general elementary teaching credential; that she registered her credential with the Ventura County Superintendent of Schools; and that she applied for a teaching position with the respondent Oxnard School District. The charging allegations are that: (1) the individual respondents "improperly and unlawfully" induced the district not to enter into an employment contract with appellant for each of the school years; (2) the district "improperly and unlawfully" denied appellant's application for employment "in that Plaintiff [appellant] was a qualified regularly certifi-

cated applicant, ready, willing and available to accept such a teaching position . . ."; (3) the district employed a number of elementary school teachers who were not duly certificated "in violation of law which provides for the hiring of noncertificated teachers upon applications accompanied by a statement of need signed by the District Superintendent of Schools and approved by the County Superintendent of Schools or by the head of the State Board of Education, indicating that no qualified regularly certificated applicant of the type needed is available and that the applicant, if granted the provisional credential applied for, will be employed in a specified position"; and (4) that the individual respondents "wrongfully, falsely, fraudulently, maliciously and unlawfully" executed a number of such statements of need.

The trial court sustained a general demurrer to the first amended complaint with leave to amend. Appellant did not amend, the action was dismissed, and this appeal followed.

■ We, as required of us by the law, construe the first amended complaint liberally to determine whether, assuming the facts pleaded to be true, a cause of action has been stated. (*Gressley* v. *Williams,* 193 Cal.App.2d 636 [14 Cal.Rptr. 496].) We conclude it has not.

## THE DISTRICT

■ The complaint asserts an obligation upon the district to employ appellant and to refrain from employing provisionally credentialed or noncertificated teachers[1] so long as appellant's application for employment was on file.

The factual support of that assertion consists solely of the propositions that appellant was a qualified, certificated teacher who had filed an application for employment with the district which, while rejecting her application, took the step of a statement of need which enabled it to employ provisionally credentialed teachers without certificates.

Appellant does not assert that her certificate gave her a vested right to employment by the district. (*Matteson* v. *Board of Education,* 104 Cal.App. 647, 655 [286 P. 482].) She does argue that the respondents improperly created competition in the labor market in which she was competing by falsely attesting to documents which permitted other teachers to be provisionally certified by the state board of education

---

[1]Appellant and respondents have used the term "noncertificated teachers" as meaning teachers provisionally credentialed pursuant to California Administrative Code (1960) title 5, section 611.

and thus available for employment by the district. That argument is based upon subchapter 3, title 5, of the Administrative Code. The subchapter established the standards for issuance of provisional credentials by the state board of education. During the relevant period, section 611 of that subchapter dealt with the issuance of initial provisional certificates for full-time service. It required the submission of letters verifying teaching experience, transcript of college and university training, and a statement by the applicant of intent to undertake no less than a specified amount of further academic training. Section 611 also required, by subparagraph 4, the submission of a statement of need signed by the county or district superintendent of schools which "shall indicate that no qualified, regularly certificated applicant of the type needed is available and that the applicant, if granted the provisional credential applied for, will be employed in a specified position. . . ." It is appellant's contention that by reason of section 611, she has stated a cause of action against the district when she alleges that the facts were contrary to the content of the statement of need, i.e., that a qualified certificated teacher in the person of appellant was available to the district.

The vice in appellant's argument is that it calls for judicial review of an administrative action of the district which is not so reviewable. Appellant does not attack the propriety of the action of the state board of education in issuing the provisional credentials, which permitted other persons to be employed in the positions sought by her. She has elected not to make the state board a party to the action. Her attack is against intermediate action by the local district which led to the ultimate decision of that board.

That attack can succeed only if the district refused to exercise a discretion that it was required to exercise or if it failed to act as enjoined by law. Neither situation was present here. There is no contention that respondents failed to exercise a discretion which the law required of them. Rather, it is appellant's theory that being certificated she was per se "qualified" so that the district was duty bound not to determine to the contrary or to file the statement of need. If such were the case, mandate or prohibition conceivably might lie.[2] But so to read section 611 reduced the word "qualified" in that section to surplusage. The fair meaning of the section as

[2]We express no opinion on this point.

written empowers the appropriate management personnel acting for the district to determine whether a certificated applicant is otherwise qualified for employment. That being the case, the district cannot be mandated to exercise the power in a particular fashion.

As traditional mandate of Code of Civil Procedure section 1085 is inapplicable, so is administrative mandamus of section 1094.5. ■ The action in filing the statement of need is not within the definition of quasi-judicial activity so as to be within the ambit of the latter section. It is but a preliminary step by one governmental agency (the district) which enables another (the state board) to act. Neither is there available in the law any other method of review of the accuracy of either the district's determination that no qualified, certificated applicant was available or the necessarily included determination that appellant was not qualified.

No concept of due process here requires that we find a method of judicial review where none is provided by the statute. We are not dealing with a vested procedural or substantive right of appellant to employment by the district. (*Board of Education* v. *Wilkinson,* 125 Cal.App.2d 100 [270 P.2d 82] ; *Matteson* v. *Board of Education,* 104 Cal.App. 647 [286 P. 482].) We are concerned rather with an administrative decision vested by law in an agency of a coordinate branch of government possessed of a particular expertise. (See *Board of Education* v. *Weiland,* 179 Cal.App.2d 808 [4 Cal.Rptr. 286].) Recognition of the limitations of judicial authority precludes review under the circumstances here.

### THE INDIVIDUAL RESPONDENTS

■ The complaint names each of the individual respondents as the occupant of an official position in the district or, in the case of respondent Triggs, as Ventura County Superintendent of Schools. Liability of those respondents is predicated upon their ''improperly and unlawfully'' inducing the district to deny appellant's application for employment and their ''wrongfully, falsely, fraudulently, maliciously and unlawfully'' executing statements of need. The quoted descriptive words are, in the context used, conclusions of law. (*Hancock* v. *Burns,* 158 Cal.App.2d 785 [323 P.2d 456] ; *Meyer* v. *Board of Public Works,* 51 Cal.App.2d 456 [125 P.2d 50].) The sole factual charging allegation is that the individual respondents caused statements of need to be filed in spite of the existence of an employment application by

appellant who was both qualified and certificated. The allegation seeks to attach liability to an authorized exercise of discretion by the individual respondents. It cannot do so under the facts alleged.

The case at bar originated before the California Tort Claims Act of 1963. The applicable rule then as now was that ''discretionary'' action by administrative governmental personnel taken within the scope of their authority is privileged against tort liability. ''Discretionary'' is, however, to be given a flexible definition which balances the harm that may be caused by inhibition upon the governmental function against the desirability of providing redress for wrong that may have been done. (*Johnson* v. *State of California,* 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352].) The potential of harm in the judiciary exercising hindsight in the determination of qualification of applicants for employment in the executive branch is great. Analogizing to similar situations in which the Supreme Court has held the doctrine of immunity applicable, we conclude that the potential bars liability here. (See *Hardy* v. *Vial,* 48 Cal.2d 577 [311 P.2d 494] ; *Lipman* v. *Brisbane Elementary School Dist.,* 55 Cal.2d 224 [11 Cal. Rptr. 97, 359 P.2d 465] [3] in which discretionary conduct of supervisory personnel leading to the discharge of governmental employees was held privileged against tort liability.)

GENERAL DEMURRER TO CONCLUSIONS OF LAW

 Appellant argues that although the complaint may be bereft of factual allegations from which liability upon any of the respondents may be determined, the pleading is sufficient against general demurrer because of the conclusion of law stated in it: that the respondents' conduct was unlawful. The argument finds support in isolated language of some decisions. (See *San Christiana Inv. Co.* v. *City & County of San Francisco,* 167 Cal. 762, 769 [141 P. 384, 52 L.R.A. N.S. 676].) It does not, however, save the pleading considered here. The applicable principle is that the ''conclusion of law—ultimate fact'' dichotomy is not an absolute but that the fair import of language used in the pleading must be received to determine whether the adversary has been fairly apprised of the factual basis of the claim against him. (2 Chadbourn, Grossman, and Van Alstyne, California Pleading (1961) § 1227, p. 428.) Here there is nothing in the complaint which tends to

---

[3] Cited with approval in *Johnson* v. *State of California, supra.*

notify respondents of the basis of the claim against them except the allegations with respect to certification. Under the most liberal of tests, such a complaint is vulnerable to general demurrer.[4]

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

___

[4]Since we have found the complaint otherwise defective, we do not reach respondent's contention that the allegations of racial discrimination contained in the original complaint must be considered as continuing and thus to constitute a bar to the action by reason of appellant having failed to exhaust the administrative remedies granted her by the Fair Employment Practices Act.