[Civ. No. 39706. Second Dist., Div. Two. Nov. 14, 1972.]

LEWIS A. SEMOLE et al., Plaintiffs and Appellants, v.
ROBERT J. SANSOUCIE, Defendant and Respondent.

716

COUNSEL

Mestad & Sanborn and John B. Mestad for Plaintiffs and Appellants.

William E. Still, Norman T. Ollestad and Edwin C. Martin, Jr., for Defendant and Respondent.

## OPINION

**HERNDON, Acting P. J.**—Plaintiffs (appellants) appeal from the order dismissing this action brought against respondent to recover damages for wrongful death. The dismissal was entered after respondent's demurrer to appellants' second amended complaint had been sustained without leave to amend on the ground that no cause of action had been stated.

The original complaint, filed on July 11, 1966, alleges that on May 9, 1966, appellants' son, John Semole, was fatally injured while loading piggyback trailers onto railroad flatcars. It named as defendants the decedent's employer, Pacific Motor Trucking Company, and a fellow employee, Robert J. Sansoucie, respondent herein, and 10 Does.

On December 11, 1970, the court below granted the motion of the defendant corporation for summary judgment and dismissed the action as to that defendant on the ground that the action against decedent's employer was barred by Labor Code section 3601 which, with inapplicable exceptions, limits the remedy to the recovery of workmen's compensation. Appellants took no appeal from that judgment but have sought to maintain the action against respondent, decedent's fellow employee, by invoking Labor Code section 3601, subdivision (a)(3) which read at that time as follows: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases: . . .

"(3) When the injury or death is proximately caused by an act of such other employee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee."

Although named as a party defendant in the original complaint, respondent was not served with summons until January 5, 1971, four and one-half years after the commencement of the action. Respondent filed a general demurrer to the complaint and sought a dismissal of the action on the grounds: (1) that summons was not served upon him within the three-year

period as provided in Code of Civil Procedure section 581a; and (2) that the action was barred by Labor Code section 3601.

The trial court refused to dismiss the action under section 581a holding that the filing of respondent's answers to interrogatories on March 2, 1970, had constituted a general appearance. This ruling, which we shall review hereinafter, was based on the decision of this court in *Chitwood* v. *County of Los Angeles,* 14 Cal.App.3d 522 [92 Cal.Rptr. 441]. Respondent's demurrer was sustained with leave to amend on the ground that facts sufficient to state a cause of action under Labor Code section 3601, subdivision (a)(3) had not been alleged.

Respondent demurred to appellant's first and second amended complaints on the grounds that a cause of action under Labor Code section 3601, subdivision (a)(3) had still not been stated and that the action was barred by the statute of limitations. (Code Civ. Proc., § 340.) The court sustained the demurrers, the latter without leave to amend, "pursuant to points and authorities filed." Thus, the first issue presented is whether or not the second amended complaint alleges facts sufficient to state a cause of action.

### The Complaint Does Set Forth Facts
### Sufficient to State a Cause of Action.

██ The earlier versions of the complaint charged respondent with negligence and reckless disregard for the safety of others. Since this action is subject to the provisions of Labor Code section 3601, above quoted, they were manifestly insufficient to state a claim, for they failed to allege the "calculated and conscious willingness to permit injury or death" required by the statute.

In an effort to remedy the indicated deficiency, the second amended complaint, the charging allegations of which are set forth in full in the margin,[1] included an allegation cast in the words of the statute. Citing the

---

[1] "VII. That this action is brought pursuant to Section 3601(a)(3) of the Labor Code of the State of California.

"VIII. That on or about the 9th day of May, 1966, at about 4:10 P.M. the defendant ROBERT J. SANSOUCIE among other things backed the aforementioned tractor and trailer into an area without first inspecting whether the area was safe and without looking into the area he was backing into.

"IX. That said conduct is prohibited by the Vehicle Code of the State of California and the Rules and Regulations governing the operation of motor vehicles by PACIFIC MOTOR TRUCKING COMPANY.

"X. That the defendants further operated the vehicle in a reckless disregard for the safety and calculated and conscious willingness to permit injury or death to such fellow employees."

rule that allegations of "wilful misconduct" require that the facts must be stated more fully than in ordinary negligence cases (*Snider* v. *Whitson,* 184 Cal.App.2d 211 [7 Cal.Rptr. 353]), respondent contends that the complaint must be held inadequate.

No cases dealing precisely with the question before the court have been cited, nor has our independent investigation uncovered any, and so our inquiry must necessarily be rooted in general principles.

It is well settled that "[i]n considering the sufficiency of a pleading, we are bound by the rule that on appeal from a judgment entered on demurrer, the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452.)" (*Youngman* v. *Nevada Irrigation Dist.,* 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462].) Obviously, the complaint must be read as a whole (*Smith* v. *Kern County Land Co.,* 51 Cal.2d 205, 207 [331 P.2d 645]), and each part must be given the meaning it derives from the total context wherein it appears. (*National Automobile & Cas. Ins. Co.* v. *Payne,* 261 Cal.App.2d 403, 408 [67 Cal.Rptr. 784]; *Amacorp Ind. Leasing Co.* v. *Robert C. Young Associates, Inc.,* 237 Cal. App.2d 724, 727 [47 Cal.Rptr. 294].)

The Supreme Court has consistently stated the guideline that "a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." (*Youngman* v. *Nevada Irrigation Dist., supra,* 70 Cal.2d at p. 245; *Smith* v. *Kern County Land Co., supra,* 51 Cal.2d at p. 209.) It has also been stated that "[t]he particularity required in pleading facts depends on the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff; less particularity is required where the defendant may be assumed to have knowledge of the facts equal to that possessed by the plaintiff." (*Jackson* v. *Pasadena City School Dist.,* 59 Cal.2d 876, 879 [31 Cal.Rptr. 606, 382 P.2d 878]; *Burks* v. *Poppy Construction Co.,* 57 Cal.2d 463, 474 [20 Cal.Rptr. 609, 370 P.2d 313].) This seems particularly applicable to a wrongful death action where none of the plaintiff-heirs was present at the site of the fatal injury.

Finally, it must be noted that the modern discovery procedures necessarily affect the amount of detail that should be required in a pleading. (See *Dahlquist* v. *State of California,* 243 Cal.App.2d 208, 212-213 [52 Cal.Rptr. 324].)

Applying these principles to the case at bar, we hold that the

complaint, though hardly a model of pleading, stated a cause of action. The statutory requirement is that the death be caused by a fellow-employee's act "which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee." (Lab. Code, § 3601, subd. (a)(3).) In substance, the complaint alleges that respondent failed to inspect the area into which he was backing and that he acted with the state of mind required by the statute.

Respondent contends that *Breceda* v. *Gamsby,* 267 Cal.App.2d 167, 178 [72 Cal.Rptr. 832], indicates that a pleading of a "calculated and conscious willingness" is insufficient. That issue was apparently not before the *Breceda* court, which made no such ruling. Indeed, the opinion there proceeds on the assumption that such language would be sufficient. The amended complaint there alleged that " 'in reckless disregard of the health and safety of plaintiff . . . and with a calculated and conscious willingness to expose plaintiff . . . to the risk of injury from falling lumber,' [defendant] Gamsby had ordered that a guard designed to protect the operator be removed from the forklift. A second amended complaint was filed November 27, 1964. It merely added that Gamsby had also 'permitted' the removal of the guard from the forklift. *The purpose of the two amendments was to state a cause of action under Labor Code, section 3601, subdivision (a)(3).*" (*Id.* at p. 169. Italics added, ellipses in original.)

Respondent contends that paragraph X of the complaint is only a characterization—a conclusion of law—with no additional factual support. "The distinction between conclusions of law and ultimate facts is not at all clear and involves at most a matter of degree. [Citations.] For example, the courts have permitted allegations which obviously included conclusions of law and have termed them 'ultimate facts' or 'conclusions of fact.' " (*Burks* v. *Poppy Construction Co., supra,* 57 Cal.2d at p. 473.)

In *Smith* v. *Kern County Land Co., supra,* 51 Cal.2d 205, the issue was whether an allegation that defendant "desired and wished" that plaintiff come onto his land to remove tree stumps and roots was a sufficient averment of plaintiff's status as an invitee, not a licensee. The Supreme Court ruled, at page 208: "This allegation is not, as defendant contends, a mere conclusion of law. The cases it relies on are readily distinguishable. *Wheeler* v. *Oppenheimer,* 140 Cal.App.2d 497 [295 P.2d 128], held only that the technical term 'bad faith' was a conclusion of law. *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317 [253 P.2d 659], held to be legal conclusions the allegations that an investigation was 'insufficient' and that acts were 'arbitrary, capricious, fraudulent, wrongful and unlaw-

ful.' The applicability of each of these words depends on more than, as in the case at bar, the mere presence of a state of mind."

The pleading in the case at bar is not as clearly susceptible to that distinction as the pleading in *Smith*. But we do feel that the allegation here possesses enough of a factual thrust that we cannot agree with respondent's contention that it is only a characterization that adds no additional factual support.

In *Jones* v. *Oxnard School Dist.*, 270 Cal.App.2d 587, 593 [75 Cal.Rptr. 836], the court stated: "The applicable principle is that the 'conclusion of law—ultimate fact' dichotomy is not an absolute but that the fair import of language used in the pleading must be received to determine whether the adversary has been fairly apprised of the factual basis of the claim against him." That, we think, places the dichotomy in its proper perspective.

### Appellants' Action Is Not Barred by the Statute of Limitations.

Respondent contends that appellants' claim is barred because it was not asserted within one year as required by Code of Civil Procedure section 340. It is not clear to what extent, if at all, the court below relied on this contention in sustaining the demurrer,[2] but it clearly affords no basis for upholding the court's ruling.

The original complaint, filed roughly two months after the fatal injury, alleged only negligence. The first amended complaint, filed on March 19, 1971 (almost five years after the accident of May 19, 1966) still sounded in negligence, with the addition of a "reckless disregard" allegation, but with no allegation of "calculated and conscious willingness." Finally, the second amended complaint, filed April 13, 1971, makes such an allegation.

The governing rule is expressed in *Grudt* v. *City of Los Angeles*, 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825]: "The prevailing rule with respect to actions involving parties designated by their true names in the original complaint is that, if an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].)"

---

[2]The court's minute order merely recites "Demurrer sustained without leave to amend pursuant to points and authorities filed."

In *Breceda* v. *Gamsby, supra,* 267 Cal.App.2d 167, the court held the same sort of amendment (from negligence to the terms of Lab. Code, § 3601, subd. (a)(3)) proper under the *Austin* rule. We agree, especially in light of the amendment permitted in *Grudt.*

Respondent's reliance on *Milam* v. *Dickman Construction Co.,* 229 Cal.App.2d 208 [40 Cal.Rptr. 130], and *Stephens* v. *Berry,* 249 Cal. App. 474 [57 Cal.Rptr. 505], is entirely misplaced. Both dealt with fictitious defendants. Where, as here, the defendant is named in the original complaint, the above quoted rule governs.[3]

> *This Action Should Have Been Dismissed Pursuant*
> *to the Mandatory and Jurisdictional Provisions*
> *of Code of Civil Procedure Section 581a.*

Appellants initiated this action in 1966 and properly served defendant Pacific Motor Trucking Co. shortly thereafter. Respondent, however, was not served until January 5, 1971, which was four and one-half years after the commencement of the action. Respondent immediately filed a demurrer on the ground that the complaint (which at that time alleged only negligence) failed to state a cause of action and sought a dismissal of the action under Code of Civil Procedure section 581a. Relying on the decision of this court in *Chitwood* v. *County of Los Angeles, supra,* 14 Cal.App.3d 522, as we have stated, the trial court refused to dismiss. We have concluded that this ruling was erroneous.

It is clear, of course, that the order refusing to dismiss the action on respondent's motion was an interlocutory and non-appealable order which achieved no finality and remained subject to modification by the trial court. (4 Witkin, Cal. Procedure (2d ed. 1971) pp. 3186-3187.) It is equally well settled that where summons has not been served and returned and where the defendant has made no general appearance within the three-year period, the dismissal provisions of Code of Civil Procedure section 581a are mandatory and jurisdictional. As stated in *Bernstein* v. *Superior Court,* 2 Cal.App.3d 700, 702-703 [82 Cal.Rptr. 775]:

"In a case coming within its terms, as the instant case clearly does, the dismissal provisions of section 581a are *mandatory* and *jurisdictional (Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501, 505 [71 Cal.Rptr. 344], hear. den.; *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 73 [41 Cal.

---

[3]We note that *Breceda* appears to be inconsistent with *Milan* and *Stephens* as to fictitious defendants. We need not, and do not, decide which is the better rule with respect to fictitious defendants.

Rptr. 473]; 2 Witkin, Cal. Procedure (1954) p. 1667); the court had no discretion, it may only dismiss (*Dresser* v. *Superior Court, supra,* p. 73; *Palmer* v. *Superior Court,* 192 Cal.App.2d 302, 303-304 [13 Cal.Rptr. 301])." (Italics in original.) (See also, *Highlands Inn, Inc.* v. *Gurries,* 276 Cal.App.2d 694, 697-698 [81 Cal.Rptr. 273].)

 The ruling of the trial court that respondent was not entitled to dismissal under section 581a was based upon the erroneous conclusion that the filing of respondent's answers to interrogatories required of him by the provisions of Code of Civil Procedure section 2030 constituted a general appearance by him prior to the expiration of the three-year period.

The instant record demonstrates that respondent's answers to the interrogatories were given by him under the compulsion of section 2030 by virtue of his status as the employee and agent of the corporate defendant which theretofore had been served with summons and had made its general appearance. The instant case is readily distinguishable from *Chitwood* v. *County of Los Angeles, supra,* 14 Cal.App.3d 522.

In *Chitwood,* plaintiff had brought an action against the county and several Does for damage to her property due to a construction project. The county answered, but interrogatories propounded by plaintiff were answered by a county flood control district (a separate legal entity) under a caption "Answers to Interrogatories—By Defendant—Los Angeles County Flood Control District" and signed by an assistant civil engineer employed by "defendant, Los Angeles County Flood Control District." The property on which the construction had taken place was owned by the flood control district, not the county, and summary judgment as to the county was properly entered. By then, the statute of limitations had run and plaintiff's motion to amend to substitute the district for the county was denied by the trial court. This court ruled that the motion should have been granted because the district, by answering the interrogatories, had entered a general appearance and implicitly indicated that it was appearing as one of the Does.

In the case at bar, appellants directed interrogatories to defendants Pacific Motor Trucking Co. and Sansoucie pursuant to Code of Civil Procedure section 2030. Significantly, section 2030 provides that if the answering party is a corporation, the answers are to be supplied by an officer or agent—which, given the nature of the questions asked here, necessarily had to be respondent Sansoucie.

We hold that any "appearance" respondent may have made by answer-

ing the interrogatories here was made on behalf of his employer, the corporate defendant Pacific Motor Trucking Co. In answering he sought no relief and acted only in compliance with the duty imposed upon him as an agent of Pacific. In *Chitwood,* we reasoned that the act of filing and serving the answers by the district was "evidently predicated on the assumption that the court has jurisdiction over the answering party" (*id.* at p. 528); that rationale is not applicable here.

In *Chitwood,* we were also concerned that the plaintiff had been misled into believing that she had a live lawsuit. *Chitwood* is thus distinguishable in this important respect as well, for here appellants can make no such claim.

Since the mandatory and jurisdictional provisions of section 581a required the dismissal of this action either by the court on its own motion or on the motion of a party, the present order, although tardily made upon a different ground, should not be disturbed.

The order of dismissal is affirmed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied December 7, 1972, and appellants' petition for a hearing by the Supreme Court was denied January 11, 1973.